**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004
(602) 322-4000

Karen C. Stafford, SBN 030308
kstafford@cavanaghlaw.com
Andrea M. Swan, SBN 037083
aswan@cavanaghlaw.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Coco C. Clinton,<br><br>        Plaintiff,<br><br>v.<br><br>QuikTrip Corporation, a foreign corporation authorized to do business in Arizona,<br><br>        Defendant. | NO. CV-26-00180-PHX-SMB<br><br>**DEFENDANT QUIKTRIP CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant QuikTrip Corporation ("Defendant" or "QuikTrip"), by and through undersigned counsel, and pursuant to Rule 12(b)(6), hereby moves to dismiss Plaintiff's Complaint as Plaintiff's claims, per the face of the Complaint, are barred by the statute of limitations and, therefore, fails to state a claim against QuikTrip. This Motion is supported by the following Memorandum of Points and Authorities and the entire Court record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL BACKGROUND**

This lawsuit arises out of an alleged slip and fall accident that occurred on November 10, 2023 at a QuikTrip located at 19990 N. 19th Ave. in Phoenix, Arizona. *See* Complaint, attached as Exhibit A at ¶¶ 5-6. Plaintiff asserts that she "slipped in a puddle

of oil" in a parking space near the front entrance of the subject QuikTrip store. *Id*. at ¶ 6. Plaintiff further alleges that she experienced "immediate" pain and "immediately" reported the alleged accident to QuikTrip employees. *Id*. at ¶¶ 7-8. Plaintiff sought treatment on the day of the accident at HonorHealth Deer Valley where she alleges that she was diagnosed with neck strain and radiculopathy. *Id*. at ¶ 13. Plaintiff claims to have undergone additional treatment following the alleged accident, including "26 weeks of physical therapy, neurological care, injections, and behavioural health therapy for post-injury trauma." *Id*. at ¶ 15.

Plaintiff filed her Complaint on November 13, 2025, alleging negligence and premises liability claims against QuikTrip. *Id*. at ¶¶ 19-23. Because Plaintiff filed her Complaint against QuikTrip more than two years after the alleged accident occurred, her claims are barred by the statute of limitations. Accordingly, Plaintiff's claims must be dismissed.

## II. LEGAL ARGUMENT

The affirmative defense of the statute of limitations is properly raised in a motion to dismiss where it appears from the face of the Complaint that the claim is time-barred. *See Pittman v. Food Safety Net Services Ltd.*, 2022 WL 378074, at *1 (D. Ariz. Feb. 8, 2022); *Hirano v. Davidson*, 2022 WL 17903752, at *2 (D. Ariz. Dec. 23, 2022) ("For the defense of the running of the statute of limitations to be decided on a motion to dismiss, the untimeliness must clearly appear on the face of the complaint."). "Where a party alleges in a motion to dismiss that an action is barred under the statute of limitations, the court's task is only to determine whether the claimant has pleaded facts that show it is time barred." *Pittman*, 2022 WL 378074 at *1 (quoting *Joe Hand Promotions Inc. v. Gonzalez*, 423 F. Supp. 3d 779, 782 (D. Ariz. 2019)). A motion to dismiss based on the statute of limitations may only be granted if the assertions in the complaint "would not permit the plaintiff to prove that the statute was tolled." *Id*.

Plaintiff's claims for negligence and premises liability are subject to a two-year statute of limitations period. *See* A.R.S. § 12-542 ("there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions: (1) For injuries done to the person of another . . . ."); *Schmitt v. Marto,* 2019 WL 1059992, at *1 (D. Ariz. Mar. 6, 2019) ("In diversity cases, the district court normally applies the substantive law of the forum state, including its choice of law rules."). Because Plaintiff filed her Complaint more than two years after the alleged accident occurred, pursuant to the unambiguous allegations in her Complaint, her claims are time-barred.

Based on the facts as alleged by Plaintiff, the statute of limitations is not tolled in this case pursuant to the "discovery rule." Under Arizona law, the discovery rule tolls the statute of limitations "until the plaintiff possesses a minimum knowledge sufficient to recognize that a 'wrong occurred and caused injury.'" *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290 (App. 2010). However, the rule does not allow a party to hide behind their ignorance when a "reasonable investigation would have alerted it to the claim." *Id*. Thus, a tort claim accrues when "a plaintiff knows or 'with reasonable diligence should know' of the defendant's wrongful conduct.'" *Id*. Finally, it is Plaintiff's burden to show that the discovery rule applies. *See Logerquist v. Danforth*, 188 Ariz. 16, 19 (App. 1996) (stating that the burden is on the plaintiff to establish that the discovery rule applies).

Here, Plaintiff cannot dispute that based on the allegations in her Complaint, she had sufficient facts to put her on notice of the potential negligence and premise liability claims she had against QuikTrip. Plaintiff's Complaint alleges that on November 10, 2023, she slipped "in a puddle of oil" in a parking space in front of the subject QuikTrip. *See* Exhibit A at ¶¶ 5-6. Plaintiff further alleges that she experienced "immediate" pain and "immediately" reported the incident to QuikTrip employees. *Id*. a ¶¶ 7-8. Plaintiff also sought treatment at HonorHealth Deer Valley on the day of the alleged accident

where they claim they were diagnosed with neck strain and radiculopathy. *Id*. at ¶ 13. Based on the allegations in the Complaint, Plaintiff had access to the information she needed to assert a negligence and premises liability claim against QuikTrip on the day of the alleged accident.  Thus, Plaintiff's claims accrued at the time of the alleged accident on November 10, 2023. Because Plaintiff failed to file her Complaint within the statute of limitations period, it must be dismissed. *See Ortega-Rubio v Manpower Intl.,* 2009 WL 10708031, at *3 (D. Ariz. June 8, 2009*)* (dismissing the pro se plaintiff's complaint with prejudice based on the statute of limitations).

### III.     CONCLUSION

Based on the foregoing, QuikTrip requests that this Court dismiss Plaintiff's Complaint with prejudice as her claims are barred by the statute of limitations, and therefore, Plaintiff cannot state a claim against QuikTrip.

DATED this 20th day of January, 2026.

**THE CAVANAGH LAW FIRM, P.A.**

By: *s/ Andrea M. Swan*
Karen C. Stafford
Andrea M. Swan
*Attorneys for Defendant QuikTrip Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing an electronic copy to the following party:

Coco Clinton, *pro per*
20232 N. 21st Drive
Phoenix, Arizona 85027
Ceceb0408@gmail.com

*s/ Jennifer Scott*