**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Coco C Clinton, | No. CV-26-00180-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| QuikTrip Corporation, | |
| Defendant. | |

The Court now considers Defendant QuikTrip Corporation's ("QT") Motion to Dismiss (Doc. 8). The Motion is fully briefed. The Court **grants** the Motion for the following reasons.

## I.    BACKGROUND

Plaintiff originally filed this action in State court on November 13, 2025. (Doc. 1-1 at 7.) The Complaint alleges as follows. On November 10, 2023, Plaintiff slipped and fell in an oil puddle located in QT's parking lot. (*Id.* at 1.) There was "no warning sign or barrier" near the puddle and QT employees "showed no concern or assistance" after Plaintiff fell. (*Id.*) Plaintiff thus alleges that QT "breached its duty by failing to identify, warn of, or remedy the dangerous oil spill that directly caused Plaintiff's injuries." (*Id.*) Plaintiff avers that she has "sustained significant physical, emotional, and financial damages." (*Id.*) Plaintiff thus sues QT for negligence under a theory of premises liability.

## II.    LEGAL STANDARD

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion for failure

to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in

the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### III.    DISCUSSION

QT contends that this action should be dismissed because the state of limitations expired before Plaintiff filed this suit.  (Doc. 8 at 2.)  "A motion to dismiss based on a statute of limitations defense is properly brought pursuant to Rule 12(b)(6)."  *Stratton v. Am. Med. Sec., Inc.*, No. CV-07-1491-PHX-SMM, 2008 WL 2039313, at *3 (D. Ariz. May 12, 2008).

In Arizona, there is two-year statute of limitations on negligence actions.  A.R.S. § 12-542.  The limitation period for such action begins to accrue when "the plaintiff knows or with reasonable diligence should know the facts underlying the cause."  *Satamian v. Great Divide Ins. Co.*, 545 P.3d 918, 925 (Ariz. 2024).  Generally, when a person suffers immediate harm from a negligent act, the cause of action accrues immediately.  *See id.* at 926.  Importantly, "a statute of limitation is not tolled simply because a plaintiff did not know the full extent of her injury."  *Knight v. Oehler*, No. 2 CA-CV 2025-0177, 2026 WL 973554, at *4 (Ariz. Ct. App. Apr. 10, 2026)

Here, Plaintiff slipped, fell, and was injured on November 10, 2023.  (Doc. 1-1 at 1.)  Plaintiff alleges that she "sustain[ed] immediate pain in her neck, back, knee, and jaw."  (*Id.*)  Accordingly, the statute of limitations began to accrue on November 10 because at that point, Plaintiff was aware of the negligent conduct and sustained immediate harm.  *See CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 7 P.3d 979, 983 (Ariz. Ct. App. 2000).  Therefore, Plaintiff was require to "commence[] and prosecute[]" her cause of action "within two years after the cause of action accrues, and not afterward."  § 12-542.  Plaintiff failed to abide by this requirement because she filed her suit on November 13, 2025. (*Id.* at 7, 9.)

Plaintiff's arguments to the contrary are not convincing.  Plaintiff contends that "[s]tatute-of-limitations defenses involving tolling require factual development and are generally inappropriate for resolution at the pleading stage."  (Doc. 10 at 3.)  While this

may be true in some cases, this precedent has no bearing on this case.  By Plaintiff's own admission, she sustained immediate and appreciable injury and was aware of the source of that injury.

Plaintiff also argues that the principles of equitable tolling and estoppel otherwise excuse her late filing.  "Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances."  *McCloud v. State, Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 696 (Ct. App. 2007).  Equitable estoppel is a similar concept but requires proof that the defendant misled or otherwise induced the plaintiff to timely file their claim.  *See id.* at 695 n.1; *see also Kyles v. Contractors/Eng'rs Supply, Inc.*, 949 P.2d 63, 65 (Ariz. Ct. App. 1997).

Plaintiff fails to invoke these doctrines.  Plaintiff argues that she "submitted her claim via certified mail on November 10, 2025, engaged in dialogue with Defendant's claims representative, and promptly filed suit after denial." (Doc. 10 at 4.)  Even if true, this argument does not suggest that Plaintiff was prevented from timely filing her suit.  Additionally, Plaintiff does not point to any misconduct by Defendant or any circumstances leading Plaintiff to believe that was required to submit her claim to Defendant.

Finally, Plaintiff asks for leave to amend.  However, leave to amend would be futile here because the statute of limitations has expired for Plaintiff's cause of action.  Accordingly, the Court dismisses Plaintiff's negligence claim with prejudice.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendants' Motion to Dismiss (Doc. 8).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 3rd day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 4 -